IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LINDA L. WILLERT and
MICHAEL WILLERT,

                Plaintiffs,                OPINION AND ORDER

    v.                                                      15-cv-161-wmc

CLASSICAL RESTAURANTS, LTD. and
AMERICAN FAMILY MUTUAL INSURANCE
COMPANY,

                Defendants.

---

In this civil action, plaintiffs Linda and Michael Willert bring negligence and loss of consortium claims against Classical Restaurants, Ltd. and its insurer premised on injuries Linda Willert suffered after slipping and falling at a Culver's restaurant in Mount Horeb, Wisconsin. (Compl. (dkt. #1).) Plaintiffs allege that this court may exercise diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). (*Id.* at ¶ 5.) Because the allegations in the complaint are insufficient to determine if this is so, plaintiffs will be given a chance to confirm that complete diversity exists in this case by confirming Michael Willert's citizenship via declaration or affidavit by April 20, 2015.


OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an

1

amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiffs contend that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Compl. (dkt. #1) ¶ 5.) For the latter to be true, however, there must be *complete* diversity, meaning that "there is no plaintiff and no defendant who are citizens of the same State." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

Plaintiffs have pled that Linda Willert is a citizen of Iowa (Compl. (dkt. #1) ¶ 1); that defendant Classical Restaurants, Ltd. is a Wisconsin corporation with its principle place of business in Cross Plains, Wisconsin (*id.* at ¶ 2); and that defendant American Family Insurance Company is organized under Wisconsin law with its principal place of business in Madison, Wisconsin (*id.* at ¶ 3). In what was likely an oversight, however, the complaint contains no allegations about the citizenship of plaintiff Michael Willert. Although the court suspects that Michael Willert likely shares Iowa citizenship with his spouse, which would establish complete diversity, it must confirm this is so before assuming jurisdiction over this matter. *See Hertz*, 559 U.S. at 94. Given the minor nature of the error, plaintiffs need not file and serve an amended complaint, instead, the

court will grant plaintiffs leave to file within 14 days a declaration or affidavit confirming the citizenship of Michael Willert. Failure to do so will result in a prompt dismissal of this matter for lack of subject matter jurisdiction.

ORDER

IT IS ORDERED that:

1) Plaintiffs shall have until April 20, 2015, to file a declaration or affidavit containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) Failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 6th day of April, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge